CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 13 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROCKLYN HODGE, ) | Civil Action No. 7:14-cv-00305 |
|     Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Jackson L. Kiser |
|     Respondent. ) | Senior United States District Judge |

Rocklyn Hodge, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. Petitioner challenges the reliance on two Florida state court convictions for assault and battery of a police officer to designate him as an Armed Career Criminal at the conclusion of a federal prosecution in the Southern District of Florida. After reviewing the record, I grant Respondent's motion to dismiss and dismiss the petition.

A district court may not entertain a § 2241 petition attempting to invalidate a criminal judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention."[1] 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). However, "Fourth Circuit precedent has . . . not extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)); see Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (unpublished) ("[W]e conclude, as the district court did, that Farrow's challenge to his armed career criminal status is not cognizable in a § 2241 petition."); see also Whiteside v. United States, No. 13-7152, slip op. at *15-18 (4th Cir. Dec. 19,

---

[1] Notably, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

2014) (declining to extend equitable relief to a defendant actually innocent of the career offender sentencing enhancement that was lawfully imposed but later invalidated by subsequent case law). Accordingly, Petitioner may not proceed via § 2241 to challenge to his armed career criminal status, and the petition must be dismissed. Because Petitioner's custodian is within this district, Petitioner's motion to transfer the case is denied. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 451 (2004).

ENTER: This 12th day of January, 2105.

Jackson L. Kiser
Senior United States District Judge